

```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
CUSTODIA SHIPPING A/S,            :     09 Cv. 1298 (LAP)
                                  :
                    Plaintiff,    :
                                  :
          against                 :     ORDER
                                  :
COSCO BULK CARRIER CO., LTD.,     :
                                  :
                    Defendant.    :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff brought this maritime action in aid of a London arbitration asserting various breaches of a charter party and obtained a maritime attachment pursuant to which it has attached Defendant's funds in the amount of $572,749.74. Defendant has counterclaimed and now moves for counter-security, pursuant to Supplemental Admiralty Rule E(7)(a), in the amount of $223,977.52, of which $150,000 is attributable to estimated attorney's fees. Plaintiff concedes that Defendant is entitled to counter-security, but argues that the amount requested to cover Defendant's attorney's fees is excessive. I agree.

Rule E(7)(a) vests this Court with broad discretion to decide whether, and in what amount, to order counter-security. See Result Shipping Co. v. Ferruzzi Trading USA, Inc., 56 F.3d 394, 399 (2d Cir. 1995); Clipper Shipping

1

Lines Ltd. v. Global Transport Oceanico S.A., No. 06 Civ. 15299, 2007 WL 646329, at *1 (S.D.N.Y. Feb. 26, 2007). In exercising this discretion, the Court is guided by the two sometimes conflicting principles of "plac[ing] the parties on an equality as regards security" while simultaneously avoiding the imposition of excessive costs on a plaintiff which might discourage it from asserting a meritorious claim. Result Shipping, 56 F.3d at 399-400 (internal citations omitted). The Court's discretion is "governed by its sense of fairness and equality, which will necessarily be closely tied to the particular factual circumstances presented by a case." Clipper Shipping, 2007 WL 646329 at *2.

Applying these principles, I find that the amount of Defendant's requested counter-security is excessive in relation to the damages alleged in its counterclaim. As Plaintiff observes, Defendant is not entitled to counter-security for the estimated legal fees associated with defending against the original claim. See Fargo Freight GmbH v. Deval Denizcikil Ve Tic A.S., No. 09 Civ. 1291, 2009 WL 1150286, at *2 (S.D.N.Y. April 29, 2009). Defendant has provided no satisfactory reason why its estimated legal fees should be more than double the amount the damages alleged in its counterclaim, which are

2

$68,364.97 in principal and $5,612.55 in interest. In light of this alleged damage amount, I find that ordering counter-security for estimated legal fees in excess of $45,000 would be inequitable and discourage other plaintiffs from asserting valid claims for fear of exposure to disproportionate counter-security orders.

Accordingly, the Plaintiff shall post a bond or other satisfactory security in the sum of $118,977.52, which represents Defendant's alleged damages, inclusive of interest, and $45,000 in estimated legal fees.


SO ORDERED:

Dated:   New York, New York
         July 17, 2009

_____
LORETTA A. PRESKA,
CHIEF U.S.D.J.